UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KESHUNA ABCUMBY,

          Plaintiff,                    Case No.

      vs.                         Hon.


HEIDI E. WASHINGTON, Director,
Michigan Department of Corrections,
in her official and individual capacities;
JEREMY HOWARD, acting warden, Women's Huron Valley
Correctional Facility, in his official and individual capacities;
J. BUSH, deputy director, Women's Huron Valley Correctional
Facility, in his official and individual capacities;
ANNETTE TELLAS, Chaplain, Women's Huron Valley Correctional
Facility, in her official and individual capacities;
ADRIAN DIRCHELL, Special Activities Coordinator, Michigan Department of
Corrections, in his official and individual capacities;
CORRECTIONS OFFICER HEARD, in her official and individual capacities;
CORRECTIONS OFFICER KNIGHT, in her official and individual capacities;
LT. JOHNSON, in his official and individual capacities;


          Jointly and severally, Defendants.
_____/

Law Offices Jeffrey S. Burg, PLC
Jeffrey S. Burg (P38381)
Attorney for Plaintiff
29551 Greenfield, Ste. 101
Southfield, MI  48076
Telephone: (248) 227-5027
Jburg@comcast.net

<table>
<tr><td>**COMPLAINT AND<br>DMAND FOR JURY**</td></tr>
</table>

## COMPLAINT AND DEMAND FOR JURY
### INTRODUCTION

1. This lawsuit seeks damages on behalf of Plaintiff, who is confined in the Women's Huron Valley Correctional Facility ("Huron Valley") operated by the Michigan Department of Corrections ("MDOC").

2. During her imprisonment, Plaintiff was subjected to deprivation of her right under the United States Constitution to practice her religion.

### JURISDICTION AND VENUE

3. This is a civil action brought pursuant to 42 U.S.C. §1983 seeking monetary damages against Defendants for violations of Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes Federal courts to decide cases concerning federal questions, and 28 U.S.C. § 1343(a)(3) and (4) which authorizes Federal courts to hear civil rights cases. This Court has personal jurisdiction over the Defendants named herein as public officials and agents of the State of Michigan sued in their official and individual capacities for violations of Plaintiff's constitutional rights. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

5. Venue is proper in this court as Defendants conduct their business in the County of Washtenaw in the Eastern District of Michigan and Plaintiff was

2

and is incarcerated in the Eastern District of Michigan during the relevant time periods.

## PARTIES

6. Plaintiff is a citizen of the United States and at all relevant times was incarcerated in the Huron Valley facility under the jurisdiction of the MDOC.

7. Defendant Heidi Washington was at all relevant times the Director of MDOC. Her duties and responsibilities included responsibility for developing and implementing policies and procedures for the operation and management of the Michigan Department of Corrections and its employees. Washington was also responsible for the care, custody and protection of prisoners under the jurisdiction of the Michigan Department of Corrections. Washington also knew about and was personally involved in the deprivation of Plaintiff's religious rights, as Plaintiff wrote letters on more than one occasion to Defendant Washington explaining Plaintiff's complaints and imploring Defendant Washington to take further action.

8. Defendant Jeremy Howard was the acting warden of Huron Valley at the times relevant to this action. His responsibilities and duties included the training, assignment, supervision, discipline and investigation of correctional officers and MDOC employees at Huron Valley. He was responsible for the unlawful treatment to which the Plaintiff was subjected. Defendant Howard also knew

about and was personally involved in the deprivation of Plaintiff's religious rights, as Plaintiff wrote letters on at least one occasion to Defendant Howard explaining Plaintiff's complaints and imploring Defendant Howard to take further action.

9. Defendant Howard was also responsible for the custody, safety, protection, fair treatment and rehabilitation of the prisoners in Huron Valley and for ensuring that Huron Valley was operated according to proper correctional standards, statutes and/or laws to ensure the safety and protection of vulnerable populations, including Plaintiff.

10. Defendant Howard was also responsible for developing procedures and implementing policies to prevent the abusive treatment of Plaintiff and other persons incarcerated at Huron Valley who wish to practice their religion.

11. Defendant J. Bush was the deputy director of MDOC. His duties and responsibilities included, at the direction of Defendant Washington, responsibility for developing and implementing policies and procedures for the operation and management of MDOC and its employees. Bush was responsible for the care, custody and protection of prisoners under the jurisdiction of MDOC. Bush also was personally involved in the deprivation of Plaintiff's religious rights, as Plaintiff wrote to Bush on more than one

occasion explaining Plaintiff's complaints and imploring Defendant Bush to take further action.

12. Defendant Annette Tellas was the Chaplain at Huron Valley and was in charge of, among other things, administering to the needs of the prisoners, including Plaintiff, with regard their personal religious practices. While Defendant Tellas eventually facilitated the purchase of a proper prayer rug for Plaintiff, she delayed doing so for years despite her personal receipt of Plaintiff's many requests for a rug, until finally granting Plaintiff her needed rug in May, 2024.

13. Defendant Adrian Dirchell was the special activities coordinator, and was, like Defendant Tellas, responsible for attending to the special needs, including medical and religious, of the prisoners. Defendant Dirchell personally and directly acted toward Plaintiff with malice and disdain and deliberate ignorance in denying Plaintiff her requests for fair treatment with regard to Plaintiff's religious turban and prayer rug and fasting practice.

14. Defendant Officer Heard was a Correctional Officer and had a duty not to violate the constitutional rights of prisoners, including Plaintiff, and violated Plaintiff's rights by depriving Plaintiff of medical care and by participating in the deprivation of Plaintiff's wearing of her religious headgear.

15. Defendant Officer Knight was a Correctional Officer and had a duty not to violate the constitutional rights of prisoners, including Plaintiff, and violated Plaintiff's rights by depriving Plaintiff of the wearing of her religious headgear.

16. Defendant Lt. Johnson was a supervising officer and had a duty not to violate the constitutional rights of prisoners, including Plaintiff, and violated Plaintiff's rights by personally depriving Plaintiff of medical care and by participating in acts of deprivation of Plaintiff's wearing of her religious headgear.

## STATEMENT OF GENERAL FACTS

17. Plaintiff repeats and realleges the preceding paragraphs as though fully stated herein.

18. Plaintiff incorporates into this pleading the content of all exhibits attached hereto.

19. Plaintiff is Moorish Muslim by religion.

20. Despite Defendants having in place policies that address the rights and practices of a number of religions, Defendants' policies omit, or did omit at relevant times, to address and accommodate the specific religion of Plaintiff, Moorish Muslim.

6

21. On numerous occasions and in different ways, Defendants treated Plaintiff in an intentionally discriminatory manner and differently than others with regards to Plaintiff's sincere practice of her religion.

22. For at least five years, Defendants, severally, would not allow Plaintiff to have and use a proper prayer rug, a central object in the practice of Plaintiff's religion.

23. Plaintiff complained through official channels frequently and comprehensively about being deprived of her ability to pray without a proper prayer rug.

24. On August 18, 2023, Plaintiff filed a Step I grievance, the contents of which are attached here and incorporated into this pleading. Exh. A.

25. On September 14, 2023, Plaintiff timely filed Step II of the same grievance. Exh. B, also attached and incorporated here.

26. On October 15, 2023, Plaintiff timely filed Step III of the same grievance. Exh. C, attached and incorporated.

27. In addition to formal grievances, Plaintiff wrote letters directly to Defendants Washington, Howard, Bush and/or Tellas at least on July 30, 2018, May 30, 2020 and October 18, 2023, enlisting Defendants' personal involvement in the issues relating to Plaintiff being prevented from practicing her religion. Exh. D, attached and incorporated here.

28. Plaintiff filed a formal request for religious accommodation on 10-30-2023. Exh. E.

29. Plaintiff also suffered discriminatory treatment in relation to her religious turban. On November 6, 2023, Plaintiff filed a Step I grievance regarding discriminatory treatment related to her turban. Exh. F.

30. On December 26, 2023, Plaintiff filed Step II (Exh. G) related to her grievance about her turban, and on January 29, 2024 Plaintiff filed Step III.  Exh. H.

31. After another series of discriminatory acts towards Plaintiff's practice of her religion, Plaintiff filed Steps I, II and III grievances on April 8, 2025, June 11, 2025 and July 7, 2025, respectively (Exh. I), complaining that Defendants intentionally deprived Plaintiff of her ability to perform proper religious fasting during her religion's most important season of the year, known as Ramadan.

32. As a result of Defendants' acts and omissions in failing to honor the religious beliefs and practices of Plaintiff, Plaintiff has experienced psychological trauma, embarrassment and fear, among many other psychological and bodily injuries.

33. As a direct result of the unlawful acts, Plaintiff suffered anxiety attacks, nightmare, night sweats, nausea, vomiting, abnormal menstrual cycles, headaches, high blood pressure, and psychological and mental distress.

34. Plaintiff exhausted her administrative remedies and now brings this action for relief.

**CLAIMS FOR RELIEF**
**COUNT I**
**§ 1983 – FIRST AMENDMENT – FREE EXERCISE OF RELIGION**

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

35. Plaintiff's Moorish Muslim faith is sincere, and the practices described above—including Salah, using a proper prayer rug, wearing her religious turban or other required head covering, and observing the Ramadan fast—are exercises of Plaintiff's sincerely held religious beliefs.

36. Defendants, acting under color of state law, substantially burdened and infringed Plaintiff's exercise of those sincerely held religious beliefs by denying and interfering with Plaintiff's prayer rug, religious head covering, fasting practices, and other religious observances as alleged above.

37. The restrictions and deprivations imposed upon Plaintiff were not reasonably related to legitimate penological interests and, to the extent Defendants contend that security or institutional interests justified their conduct, the restrictions were arbitrary, discriminatory, exaggerated, and unnecessary in relation to any legitimate correctional objective.

38. Each individual Defendant is liable only for his or her own conduct. As alleged above, the individual Defendants personally participated in, authorized, enforced, approved, or knowingly failed to remedy the specific deprivations of Plaintiff's religious exercise after receiving direct notice of them.

39. Defendants' conduct violated Plaintiff's rights under the Free Exercise Clause of the First Amendment, enforceable through 42 U.S.C. § 1983.

40. As a direct and proximate result, Plaintiff suffered the injuries and damages alleged herein and is entitled to compensatory damages to the extent permitted by law, nominal damages, punitive damages against the individual Defendants in their individual capacities where the evidence establishes the requisite state of mind, costs, and reasonable attorney fees under 42 U.S.C. § 1988.

## COUNT II
## § 1983 – FIRST AMENDMENT – RETALIATION

41. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

42. Plaintiff engaged in conduct protected by the First Amendment when she sought religious accommodations, complained to prison officials about interference with her religious exercise, wrote to MDOC officials requesting protection of her religious rights, and filed and pursued nonfrivolous grievances concerning the prayer rug, religious turban, Ramadan fasting, and other religious practices.

43. Defendants knew of Plaintiff's protected conduct through Plaintiff's requests, letters, grievances, grievance appeals, and other direct communications described above.

44. After and because Plaintiff persisted in asserting her religious rights and pursuing grievances and accommodations, Defendants subjected her to adverse actions, including continued and repeated interference with or denial of religious property and practices, including the prayer rug, religious head covering, and Ramadan observance.

45. The adverse actions alleged herein were sufficiently serious to deter a person of ordinary firmness from continuing to assert and exercise protected First Amendment rights.

46. Plaintiff's protected conduct was a substantial or motivating factor in the adverse treatment. The chronology of Plaintiff's requests and grievances, Defendants' knowledge of those complaints, and the continuation and recurrence of the complained-of conduct support an inference of retaliatory motive.

47. Defendants thereby retaliated against Plaintiff for engaging in protected First Amendment activity, in violation of 42 U.S.C. § 1983.

48. As a direct and proximate result, Plaintiff suffered the injuries and damages alleged herein and is entitled to compensatory damages to the extent permitted by law, nominal damages, punitive damages against the individual Defendants in their

individual capacities where the evidence establishes the requisite state of mind, costs, and reasonable attorney fees under 42 U.S.C. § 1988.

## COUNT III
## § 1983 – FOURTEENTH AMENDMENT – EQUAL PROTECTION

49. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

50. The Equal Protection Clause of the Fourteenth Amendment prohibits prison officials from intentionally discriminating among prisoners in the exercise and accommodation of religion without constitutionally sufficient justification.

51. As alleged above, MDOC maintained policies and practices addressing and accommodating the religious practices of other faiths while omitting or refusing comparable recognition and accommodation of Plaintiff's Moorish Muslim faith and its sincerely held practices.

52. Defendants intentionally treated Plaintiff differently from similarly situated prisoners of other faiths with respect to religious property, religious head coverings, fasting, and other religious accommodations, and the differential treatment burdened Plaintiff's exercise of religion.

53. The disparate treatment was intentional and was not reasonably related to a legitimate penological objective.

54. Defendants thereby denied Plaintiff equal protection of the laws in violation of the Fourteenth Amendment, enforceable through 42 U.S.C. § 1983.

55. As a direct and proximate result, Plaintiff suffered the injuries and damages alleged herein and is entitled to compensatory damages to the extent permitted by law, nominal damages, punitive damages against the individual Defendants in their individual capacities where the evidence establishes the requisite state of mind, costs, and reasonable attorney fees under 42 U.S.C. § 1988.

## DAMAGES

56. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

57. The acts, omissions and policies of Defendants constituting violations of Plaintiff's constitutional and statutory rights were and are a proximate cause of Plaintiff's damages.

58. As a result of Defendants' acts, omissions and policies, the Plaintiff has suffered severe emotional and psychological injuries, and physical injuries and damages.

59. The physical and emotional injuries inflicted upon Plaintiff flowed from willful, wanton, and cruel acts and were the result of intentional or deliberately indifferent conduct entitling Plaintiff to punitive damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that Defendants' acts described above violated Plaintiff's rights under the First and Fourteenth Amendments;

b. Award Plaintiff compensatory damages in an amount to be determined by the trier of fact, to the extent permitted by law;

c. Award Plaintiff nominal damages for completed violations of her constitutional rights;

d. Award Plaintiff punitive damages against the individual Defendants in their individual capacities where permitted by law;

e. Award Plaintiff reasonable attorney fees and costs under 42 U.S.C. § 1988;

f. Grant such other and further legal or equitable relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES JEFFREY S. BURG, PLC

/s/ *Jeffrey S. Burg*_____
Jeffrey S. Burg (P38381)
29551 Greenfield, Suite 101
Southfield, MI 48076
248-227-5027
jburg@comcast.net

Dated: August 7, 2026

# DEMAND FOR JURY TRIAL

Plaintiff, by and through her counsel, hereby demands a trial by jury.

LAW OFFICES JEFFREY S. BURG, PLC

/s/ *Jeffrey S. Burg*_____
Jeffrey S. Burg (P38381)
29551 Greenfield, Suite 101
Southfield, MI   48076
248-227-5027
jburg@comcast.net

Dated:  August 7, 2026

# Plaintiff's Exhibit A

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

RECEIVED

Date Received at Step I  AUG 18 2023

WOMEN'S HURON VALLEY
GRIEVANCE COORDINATOR

Grievance Identifier: WHV 231081 2050 127B

| Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to OP 03.02.130 available in the prison Law Library. |

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Koshuna Acumby | 462754 | WHVCF | 30303L | 8-11-23 | 8-15-2023 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 8-11-2023
If none, explain why. I kited Chaplain Tellas on 8-11-23, no response; I kited warden Howard, Heidi Washington (the director) and J. Bush (deputy director) on many occasions and no one tried to hel p me.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. I ~~kited~~ am grieving Chaplain Tellas, Warden Howard, Director Heidi Washington, and Deputy Director Bush, for not allowing me to buy a prayer rug for over five years- I can not make salat to practice my religion.

Their actions has caused me a lack of sleep, poor appetite, headaches,, high stress levels, low energy, and anger.
RESOLUTION:
Please help me to purchase a prayer rug with my on monies. It is mandatory that I pray on HOLY GROUND!

#462754
_Acumby_
Grievant's Signature

---

RESPONSE (Grievant Interviewed?   ☐ Yes   ☒ No     If No, give explanation. If resolved, explain resolution.)

Rejected: Content of Dept. wide policy and procedure PD 05.03.150A pg 2 paragraph 6

Vague

| K. Hermanson | 8/22/23 | A Bly | 8-23-23 |
|---|---|---|---|
| Respondent's Signature | Date | Reviewer's Signature | Date |
| K. Hermanson | GC | S Bailey | ADW |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title |

| Date Returned to Grievant: 8/24/23 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |

# Plaintiff's Exhibit B

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

RECEIVED

Date Received by Grievance Coordinator
at Step II: _____SEP 1 4 2023_____

WOMEN'S HURON VALLEY
CORRECTIONAL FACILITY

Grievance Identifier: WHV2308 2050 27B

**INSTRUCTIONS: THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.**
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
Grievance Coordinator 9/14/23. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Keshuna   Abcumby | 462754 | WHVCF | 3C 303L | 8-11-23 | 9/3/23 |

**STEP II — Reason for Appeal** Me not being able to possess /buy a prayer rug over 5years I couldn't do a mandatory salat prayers like: holy holidays, daily prayers, nor on Holy months-Ramadan. I feel like I am being punished.My prayers are not being acknowleded by ALLAH because I am not stepping on HOLY GROUNDS-MY PRAYER RUG! My religion is not being reconized. Other Muslims are able to order prayer rugs, but not Moor Moslems. MDOC officials fails to reconize "moorish Moslems" rights and religion. MDOC officials are obligated to treat religion in an even manner, and they are not doing so intentionally. I have showed Chaplian Tellas books that stated Moor Moslem pray like other Muslims-make salats on prayer rugs. She nor the others I wrote help me to practice my religion. They are discriminating. Please help me!!!

**STEP II — Response**

Please refer to attached response.

| Date Received by Step II Respondent: |
|---|
| 9/26/23 |

Karri Osterhout
Respondent's Name (Print)

[signature] c/Warden 10/10/23
Respondent's Signature          Date

| Date Returned to Grievant: |
|---|
| 10/12/23 |

**STEP III — Reason for Appeal**

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III — Director's Response is attached as a separate sheet.**

DISTRIBUTION: White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant

# Plaintiff's Exhibit C

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248 5/09
CSJ-247B

Date Received by Grievance Coordinator
at Step II: _____

Grievance Identifier: WHV3308 3050 22B

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
_____ by 9/14/23. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Keshuna   Abcumby | 462754 | WHVCF | 3C 303L | 8-11-23 | 9/3/23 |

**STEP II — Reason for Appeal** Me not being able to possess /buy a prayer rug over 5years I couldn't do a mandatory salat prayers like: holy holidays, daily prayers, nor on Holy months-Ramadan. I feel like I am being punished. My prayers are not being acknowledged by ALLAH because I am not stepping on HOLY GROUNDS-MY PRAYER RUG! My religion is not being reconized. Other Muslims are able to order prayer rugs, but not Moor Moslems. MDOC officials fails to reconize "moorish Moslems" rights and religion. MDOC officials are obligated to treat religion in an even manner, and they are not doing so intentionally. I have showed Chaplian Tellas books that stated Moor Moslem pray like other Muslims-make salats on prayer rugs. She nor the others I wrote help me to practice my religion. They are discriminating. Please help me!!!

**STEP II — Response** Please refer to attached response

Date Received by Step II Respondent: 9/26/23

| Respondent's Name (Print) | Respondent's Signature | Date |
|---|---|---|
| Karri Osterhout | Kari Osterhout, c/Warden | 10/10/23 |

Date Returned to Grievant: 10/12/23

**STEP III — Reason for Appeal** I have kited Chaplain tellas, Warden Howard, Director Heidi Washington, and Deputy J. Bush that Moslems are to pray - do salats - on a prayer rug. I even sent copies of pages out of a Moslem book, "(Complied and Research) Prescribe Prayer manner of Prayer & Praying, By Chief Minister Dr. Ra Saadi El", who, I, Abcumby am under the grand body of, "Chief Minister Dr. Ra Saadi-El and Grand Sheikess Yssis Saadi-El) They still did not acknowledge my religion. I do not have a prayer rug and it been 6 years. Help me!

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant

# Plaintiff's Exhibit D

Dear Warden Brewer and Heidi Washington,

I am a moorish American that prays #3 times a day on a prayer rug - which is Holy ground. I have asked Chaplain Sellas via kite and face-to-face To help me buy a prayer rug (or talk to some one that can help me) so I can practice my religion belief. I also talked to Cpc Carter, who filled Sellas (chaplain) spot at times. No One helped me. This is a violation of the 1st Amendment right. Please, do something, so I can perform my religious Salats #3 times a day.

Sincerely,

Ms. Abcumbey #462754

7/30/2018

I mailed this out on 7/30/2018 Nothing happened.

To: Warden Howard, Deputy Director J. Bush, Director Heidi Washington

From: Keshuna Abcumby #462754

RE: Discrimination (I can not order a prayer rug, but other muslims can), I can not practice my Religion belief (because you all, and Chaplain Tellas won't allow me to order a prayer rug), and Cruel & Unusual punishment( for not allowing me to order a prayer rug- so I can do my salats on holy ground for 2 years).

Date: 5-30-2020

I had wrote you all before about me not having a prayer rug to perform my salats three (#3) times a day, which is obligated for me to do.  Noone attempted to help me.  This is cruel & unusual punishment. Chaplain Tellas allows other muslims to order prayer rugs, but not me.  (this is descrimination) Please, help me!

*[signature]* 5/30/2020

*I mailed this
out on 5/30/2020)
nothing
happened.*

TO: Warden Howard, Deputy Director J. Bush, Director Heidi Washington, Chaplain Tellas, Department of Civil Service, Governor Gretchen, Legislature Ombudsman, MDOC Internal Affairs, U.S. Department of Justice- "Civil Rights Division", Office of Legal Affairs, American Civil Liberties Unino, and Detriot Free Press

RE: M.D.O.C- Women Huron Valley Correctional Facility, has been in violation bly violating my religious rights (not allowing me to order a prayer rug) and discriminating against me by allowing other muslims to order prayer rugs so they can perform their salats, but not allowing kkme to perform my #3 daily, mandatory/obligated prayers(salats)on a prayer ruf as a Moorish American, Moslem.

FROM: Keshuna L.Abcumby-Bey 462754
DATE: 10/18/2023 (HOLY MONTH OF MOORISH AMERICAN RAMADAN-OCT.1st-OCT.31st)

ISLAM!   ISLAM!   ISLAM!
GREETINGS!

I'm a Moslem. I have the right to practice my religious belief, due to the 1st Amendment. I have the right to not be discriminated against, due to MDOC's Policy Directive:03.03.130. Well, discrimination and violation have been presented by MDOC's Administration towards me. I have been asking & pleading for #6 consecutive years for a prayer rug I can buy myself or Chaplain Tellas can give me, so I can perform my #3 daily obligated/mandatory salats(prayers). I was not given nor able to buy one, so I can perform my salats.

My prayer rug as a Moorish American Moslem represents "My Holy Ground". If I do not perform my daily, mandatory prayers(salats), I am disobedient in Allah's eyes, my sins aren't wiped away and I have no direct connection with /to Allah's presences. THIS IS A BIG SIN!!!

I have written Chaplain Tellas, who's fully aware & acknowledeable, via reading Moorish American's literature. In the book, "Prescribe Manner of Prayer & Praying", By: Cheiff Minister Dr.Ra Saadi El, a book that Chaplain Mrs. Tellas read for her self, on pages #42-#48, shows and tell anyone who seen it that Moorish Americans (MOSLEMS) are to make/perform obligated prayers(salats) on a prayer rug.

I have written Warden Howard, Director Heidi Washington,Deputy Director J. Bush, and Chaplain Tellas who are to keep the prison and policy Directives structured, make sure rules and prison rights aren't being violated, and help change rules and Policy Directives that violate prisoners rights. However, this has not been the case. I have patiently tried to reason  with Warden Howard Chaplain Tellas, as she claimed  that she spoke with The Warden, the Director, the deputy Director and other people in Lansing, MI, who's in higher rank than her.

NOTHING has been done! Nothing being done, has caused me headaches, high stress levels, crying spells, sins not being erased, no connection to Allah, and tightness of chess. I am needing all of you all to help me!

May blessings rain on you for supporting me.

PEACE!

I mailed this Out on 10/18/23

Ms.Keshuna L. Abcumby-Bey #462754
W.H.V.C.F
3201 Bellis Rd.
Ypsilati, MI 48197

File.

# Plaintiff's Exhibit E

MICHIGAN DEPARTMENT OF CORRECTIONS

**OFFENDER RELIGIOUS ACCOMMODATION REQUEST / APPEAL**

CSJ-997
04/23

| Date Received: | Religious Accommodation Request / Appeal Identifier (to be completed by MDOC staff): |
|---|---|

## INFORMATION

- This form is to be used for a religious accommodation request / appeal pursuant to PD 05.03.150.

## INSTRUCTIONS

- Please type or print legibly and submit to the Facility Chaplain.
- All sections must be completed to process this form.
- This reasonable accommodation request / appeal needs to contain sufficient information about your request.

| Offender Number | Offender Name | Facility / FOA Office | Lock Number | Today's Date |
|---|---|---|---|---|
| 462754 | Keshuna L. Abcumby-Bey | WHVCF | 5B117L | 10-30-23 |

| Offender Signature | *Keshuna L. Abcumby-Bey* |
|---|---|

Reasonable Accommodation Request: ☒X    Reasonable Accommodation Appeal: ☐

Describe what religious accommodation you are requesting. Please limit each form to a single accommodation request; use separate forms for different requests: I am requesting for Moorish American Moslems to be able to purshase a prayer rug, so they can perform their salats three times a day-including myself. For I am a member of a M.S.T.A-1928, Temple.

Describe in your own words any current limitations on your ability to freely exercise your religious beliefs for which you are requesting a reasonable accommodation or appealing previous Accommodation Request decisions. Use additional pages if necessary. You may include any documentation necessary:

I am limited to freely exercise my religious belief because, as a Moorish American Moslem, I am to make salat(prayer) #3 times a day on a prayer rug-which is my holy ground. I have not been able to do so for #5 consecutive years and #5 consecutive months, after I wrote and talked to Chaplain Tellas, Warden Brewer, Warden Howard, Deputy Director J.Bush, Director Heidi Washington. I have no been notifying them off and on since May 2018. Attached is documents that states that a Moorish American Moslem is to perform salats(prayers #3 times a day), on a prayer rug.

DISTRIBUTION: Records Office, Statewide Special Activities Coordinator, Facility Chaplain, Prisoner

*I mailed this out on 10/30/23 because chaplain Tellas Told me that mr. Dirschell told me*

# Plaintiff's Exhibit F

MICHIGAN DEPARTMENT ~~RECEIVED~~ s

**PRISONER/PAROLEE GRIEVANCE FORM**

RECEIVED

NOV 06 2023

WOMEN'S HURON VALLEY
GRIEVANCE COORDINATOR

4835-4247 10 94
CSJ-247A

Date Received at Step I _____ Grievance Identifier: **WHV 23 11 1 2613 20Z**

**Be brief and concise ~~in describing your grievance~~ issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) Keshuna Abdullah | Number 462754 | Institution WHVCF | Lock Number 5B 1171 | Date of Incident 10-24-23 | Today's Date 10-28-23 |
|---|---|---|---|---|---|

What attempt did you make to resolve this issue prior to writing this grievance? On what date? __10-24-23__
If none, explain why.

I tried talking to C/O Ms. Heard in front
of Lt. Mr. Johnson, and they still denied me my medical run.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. I all grieving Lt.

Mr. Johnson a C/O Ms. Heard, and Warden Howard, for Religion discrimination.

On 10-24-23, at 8am to 8:20am, Officer, ms. Heard denied me from going to a schedule Med. run because I did not have a turban on my head.

After , I explain to her that I only have one turban in my possession because an officer(C/O Knight) took them and the one I have is still wet due to me washing hair grease out of it, she still denied me from going to My foot s appointment at Dwayne waters.

I had an headache and I was upset due to Religion discrimination.

_Grievant's Signature_

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No    If No, give explanation. If resolved, explain resolution.)

| Respondent's Signature | Date 11-11-23 | Reviewer's Signature | Date 11/11/23 |
|---|---|---|---|
| Respondent's Name (Print) | Working Title Sgt. | Reviewer's Name (Print) D. Johnson | Working Title CSR |

| Date Returned to Grievant: 11/17/23 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

# Plaintiff's Exhibit G

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248 5/09
CSJ-247B

Date Received by Grievance Coordinator
at Step II: DEC 2 6 2023

RECEIVED

WOMEN'S HURON VALLEY
GRIEVANCE COORDINATOR

Grievance Identifier: WHV23111 261 B 202

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____

Grievance Coordinator by 12/26/23. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Keshuna Abcumby | 462754 | WHVCF | FB 9 | 10-24-23 | 12-24-23 |

**STEP II — Reason for Appeal**     The issue was not resolve. MDOC's Officials
are not to discriminate on prisoners religion. There are many
prisoners who do not look like their prisoner I.D, do to
weight loss or weight gain and theytstill do not be denied to
go to their med run appointment.

My med run appointment was a serious appointment, and urgent.
My toes are not straight anymore dor  due to not having an
orthopedic shoe detail and insert.

**STEP II — Response**

Date Received by
Step II Respondent:
1/9/24

Respondent's Name (Print) _____     Respondent's Signature _____     Date 1/10/24

Date Returned to
Grievant: 1/11/24

**STEP III — Reason for Appeal**  Per policy officials are not to discriminate
or be bias about religion, sex, race or any other discrimination.

I felt embarassed, my head started hurting due to stress. and I had
to walk around with my feet hurting, when I could of went to my
schedule  and took care of my foot. However, I was discriminated against.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III — Director's Response is attached as a separate sheet.**

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

# Plaintiff's Exhibit H

SC-531



## STATE OF MICHIGAN
### DEPARTMENT OF CORRECTIONS
### LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

### STEP III GRIEVANCE DECISION

Rec #:      148351

20Z

| | | |
|---|---|---|
| To Prisoner: | Abcumby | #: 462754 |
| Current Facility: | WHV | |
| Grievance Identifier: | WHV-23-11-2613-20Z | |
| Step III Received: | 1/29/2024 | |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances". Upon examination it has been determined that your issue was in fact considered, investigated, and a proper decision was rendered.

### THE STEP III APPEAL IS DENIED.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

_R. Russell_

**Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs**

**Date Mailed:**      FEB 0 8 2024

cc: Warden, Filing Facility   WHV

# Plaintiff's Exhibit I

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

RECEIVED
APR 0 8 2025
WOMEN'S HURON VALLEY
GRIEVANCE COORDINATOR

4835-4247 10/94
CSJ-247A

Date Received at Step I _____ Grievance Identifier: WHV 2504 1290 28K

Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| KESHUNA ABCUMBY | 452754 | WHVCF | FB-17L | 3-30-25 | 4-4-25 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 3-31-25
If none, explain why. Kited the Warden and Chaplain Tellas, no response.
asked the chowhall workers about the Ramadan fasting foods, they
did not have none to give me.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. I am grieving Warden Jermy Howard, Director Heidi Washington, Special Activities Steven Adamson, and chaplain Tellas for not giving me my whole 30 consecutive days for Ramadan. For i have the right to fast 30 consecutive days for RAMADAN,; I was given only 29 days to fast, because the chowhall did not give me any food to eat before fasting, nor did they give me food to eat after fasting.
Resolution I would like $25,000 for MDOC violaing my RAMADAN **Fast**.

Damages! I had a headache and I was irritated with a hunger for food.
AND ALL MY SINS HAS NOT BEEN Forgiving
By ME NOT DOING A Correct RAMADAN
FASTING.

_Keshuna Abcumby_
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No   If No, give explanation. If resolved, explain resolution.)
Rejected. Joint grievance by 2 or more prisoners

| | | | | |
|---|---|---|---|---|
| K. Hermanson | 4/30/25 | Copy | | 5/7/25 |
| Respondent's Signature | Date | Reviewer's Signature | | Date |
| K. Hermanson | GC | J Lopez | | APP |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | | Working Title |

| Date Returned to Grievant: 5/8/25 | If resolved at Step I, Grievant sign here. Resolution must be described above. | |
|---|---|---|
| | Grievant's Signature | Date |

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248  5/09
CSJ-247B

Date Received by Grievance Coordinator at Step II:  JUN 11 2025

WOMEN'S HURON VALLEY GRIEVANCE COORDINATOR

Grievance Identifier: WHV 2 5 0 5 1 1 2 9 0 1 2 8 K

RECEIVED - MDOC

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _Grievance Coordinator_ . If it is not submitted by this date, it will be considered terminated.

6/13/2025

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| KESHUNA ABCUMBY | 462754 | WHVCF | FB-17 | 3/30/25 | 6/3/25 |

**STEP II — Reason for Appeal**  My Religion RIGHTS were violated. Ramadan started late and ended early. I am very disappointed. I am tired of MDOC Officials intentionally violating my Religion RIGHTS - ISLAM (I am a Moslem).

**STEP II — Response**

Date Received by Step II Respondent:

Respondent's Name (Print)

Respondent's Signature

Date

Date Returned to Grievant:  6/23/25

**STEP III — Reason for Appeal**  MDOC officials has not only violate my rights to fast, on the HOLY MONTH of RAMADAN, they discriminated by allowing the Jewish religion to do their fastings (all Jewish prisoners did their ~~fastings~~ fastings with NO issues but MDOC officials did not allow Muslim Prisoners, like ME to do a fast without any issues-MDOC did not allow me to fast the Whole Ramadan. They started me late and stop me from fasting early. MDOC officials continue to discriminate against my religion"ISlam"MUSLIMReligion".

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III — Director's Response is attached as a separate sheet.**

DISTRIBUTION:  White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant



DC:29

**GRETCHEN WHITMER**
**GOVERNOR**

## STATE OF MICHIGAN
## DEPARTMENT OF CORRECTIONS
## LANSING

HEIDI E. WASHINGTON
DIRECTOR

### STEP III GRIEVANCE DECISION

Rec #:    158119

28K

| | | |
|---|---|---|
| **To Prisoner:** | Abcumby | **#:** 462754 |
| **Current Facility:** | WHV | |
| **Grievance Identifier:** | WHV-25-05-1290-28K | |
| **Step III Received:** | 7/7/2025 | |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

Notes:

## THE REJECTION IS UPHELD.

## THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

S. Lockhart

*SL*

_____     Date Mailed:    7/31/2025
**Grievance Section Manager**
**Office of Legal Affairs**

CC:   Facility:  WHV